Filing # 133986977 E-Filed 09/03/2021 06:26:02 AM

CFN: 20210963140 BOOK 32922 PAGE 1905
DATE:12/27/2021 08:14:34 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-014716-CA-01
SECTION: CA04
JUDGE: Carlos Guzman

**DRO 15R LLC et al**

Plaintiff(s)

vs.

**AJAR Holdings LLC et al**

Defendant(s)

_____/

## AMENDED ORDER APPOINTING CONSERVATOR AND DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE**, having come before the Court for a special set hearing on August 16, 2021, on the Defendant's emergency motion, and the Court having reviewed the Motion, the response in opposition, hearing argument of counsel for the respective parties, having heard from Mr. Raziel Ofer and several of the renters at the buildings and after taking judicial notice of Court files and public records, and upon consideration of Plaintiff's motion for reconsideration on August 31, 2021 where the Court received sworn testimony from Mr. Ofer, Mr. Robert Mendez, and several tenants from the Property, and being otherwise fully advised in the premises, the Court finds that:

1. The instant action concerns title to the real property located at 1560 and 1568 Drexel Avenue, Miami Beach (the "Property"), and as such is within the Court's jurisdiction.

2. The Court finds, as more fully expressed at the hearings on August 16, 2021 and August 31, 2021, that the appointment of a conservator pursuant to the Court's equitable powers, is in the best interests of all the parties, including non-party

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

CFN: 20210963140 BOOK 32922 PAGE 1906

renters living at the Property, and necessary to preserve the Property pending the resolution of the parties' dispute concerning ownership of the Property.

3. Indeed, the Court takes judicial notice of the fact that there is a dispute concerning the ownership of the Property. In *1560-1568 DREXEL AVE LLC v. Dalton*, Case No. 2021-005079-CC-21 it was determined that AJAR Holdings LLC is the owner of the Property. *See* June 22, 2021 Order on Defendant's Motion to Dismiss for Lack of Standing. The Court finds that, based on such orders, Plaintiff appears to be improperly in possession of the Property subject to this Order.

4. Mr. Ofer's statements on August 16 and sworn testimony on August 31 make clear that despite the orders in *1560-1568 DREXEL AVE LLC v. Dalton*, Case No. 2021-005079-CC-21 Plaintiff through Mr. Ofer considers itself/himself to remain the owner of the Property and has no intention of relinquishing possession or control of the Property and will continue to operate in the manner he has in the past including actions that based on sworn testimony of other witnesses may include waste or damage to the Property.

5. Further, at the August 31, 2021 hearing, Mr. Ofer was continually disruptive and threatening to the Court, the parties, and witnesses. In fact, the Court was required to repeatedly mute Mr. Ofer's microphone during repeated outbursts which interrupted the Court's statements.

6. Based on the Court's taking judicial notice and consideration of the court files in *1560-1568 DREXEL AVE LLC v. Dalton*, as set forth above, the Court finds that the Defendant has a clear legal right and a substantial likelihood of success on the merits. The relief granted herein will not disserve the public interest.

7. Based upon the foregoing, at the August 16, 2021 hearing, the Court orally ruled that the Property was being taken into the custody of the Court. During that hearing, the Court orally announced the appointment of a Conservator. The Court entered the written order confirming the oral order and naming Ramon Abadin on

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

August 20, 2021.

8. Because this Court had taken the Property into custody on August 16, 2021, Plaintiff's attempt to avoid compliance with this Court's order by dismissing this matter by simple notice is infirm. See Florida Rule of Civil Procedure 1.420(a)(1).

9. Further, based upon the testimony presented at the August 31, 2021 hearing, the Court finds that there is a dispute concerning the ownership of the Property, that the safety and right to quiet enjoyment of the Property by the non-party renters is at risk, that there exists a dispute as to accounting of the rents and waste and damage to the Property is likely. The Court further notes that there are several other cases pending involving the rights of renters and as to ownership of the Property. Accordingly, Plaintiff's August 22, 2021 Emergency Motion for Reconsideration and to Quash Order Appointing Conservator is denied.

**Accordingly**, it is further **ORDERED and ADJUDGED** that:

1. To preserve the status quo, the Defendant's emergency motion is granted in part for the limited purpose of appointing a conservator over the property at the street address *1560-1568 DREXEL AVE LLC.*

2. **Appointment.** Ramon Abadin, Ramon A. Abadin, P.A., 232 Andalusia Avenue, Suite 200, Coral Gables, FL 33134, (305) 321-4496, is hereby appointed as Conservator (the "Conservator") in this matter, and shall immediately take exclusive custody and control of the Property.

3. **Power of Conservator.** The Conservator is a fiduciary to the Court and shall have the exclusive power and authority to preserve, protect, and manage the Property, including the power and authority to:

A. Collect rents as they come due;

B. Ensure that the utilities are uninterrupted;

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

CFN: 20210963140 BOOK 32922 PAGE 1908

C. Access the Property;

D. The parties, their principals, shareholders, agents, attorneys, shall forthwith allow the Conservator access to the Property;

E. Manage, preserve, protect, and maintain the Property in a reasonable, prudent, diligent and efficient manner;

F. Open accounts to effectuate this Order in the name Ramon Abadin as Conservator of 1560-1568 Drexel Avenue.

G. Break any locks necessary to gain access to the Property, and the local police department in the jurisdiction in which the property is located shall cooperate with and assist the Conservator to gain entry to such Property and to effectuate the terms of this order;

H. Pay, out of the assets or proceeds of the Property, all expenses of the Conservatorship (including compensation to personnel employed to represent or assist the Conservator) and all costs of carrying out maintenance/improvements or exercising the rights, powers, privileges, and duties as Conservator. The Conservator may encumber the Property to effectuate this charge;

I. Conservator has the right to hire professionals without prior Court approval to assist him in performing his duties and pay such professionals a reasonable rate subject to the Court's approval.

J. Not have any personal or professional liability for any acts or omissions in connection with this Conservatorship, except for any willful and wanton acts and omissions committed;

K. Serve without bond. This Court having found based on the testimony of Mr. Ofer that the Property has sufficient value to secure any action of the Conservator;

L. Take all actions and have such rights, powers, and privileges as are necessary and incident to the exercise of any specific power, including without limitation, obtaining financing or certificates subject to approval by the Court as necessary to

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

preserve and maintain the Property.

M. Appear and/or intervene in other matters or actions which relate to or effect the Property;

N. Take such actions, and have such additional rights, powers, privileges, immunities, and duties as Florida law or this Court authorizes by order or by amendment of any order or by regulation; and

O. Seek leave of this Court to modify this order to provide additional powers and authority to the Conservator as it deems necessary and appropriate to fulfill its duties and objectives of the Court.

4. **Status to the Court.** No later than 30 days from the date of this Order, and continuing approximately every 60 days thereafter, the Conservator shall appear before the Court and/or provide the Court with a brief status update. The Conservator shall be entitled to expedited relief and a hearing within 5 days of motion to enforce this Order (or "show cause" motion) and a right to all fees and costs necessary in bringing any motion to compel compliance against whom such compliance was compelled.

5. **Fees.** The Conservator and his professionals shall be entitled to payment of fees for his/her services at his/her standard hourly rate or such other rate as is authorized and approved by the Court, which shall be paid from the rents or other proceeds of the Property or by the Parties subject to further allocation by this Court.

6. **Cooperation and No Interference.** The Parties, their principals, shareholders, agents, attorneys, and other professionals, shall *immediately* (without further court order or subpoena and without delay) turn over to the Conservator exclusive control, possession of, and access to, all of the accounts, funds (wherever located), books and records including financial documents and statements related

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

CFN: 20210963140 BOOK 32922 PAGE 1910

to the Property, rent rolls, leases, names and contact information for tenants, funds held as security deposits or for other reasons related to the Property, and all documents and information related to any liens, mortgages, encumbrances of any kind, construction or repair projects at the Property, and shall provide their complete cooperation to, and expeditiously respond to inquiries and discovery requests by the Conservator to comply with the provisions and directives of this Order.

Except as otherwise requested or authorized by the Conservator, the Parties, their principals, agents, members, shareholders, managers, servants, employees, representative, and attorneys, and any other parties that receive actual notice of this Order, are hereby enjoined from collecting, or attempting to collect, the tangible and intangible personal property, the assets, the rents, receivables, income, revenues, profits and bank accounts of the Property and from interfering in any manner with the management of the Property as hereinabove described until further order of this Court.

All non-parties, including banks, other financial institutions, service providers, and utility providers, in the possession or control of, or with access to, any assets, accounts, books and records related to the Property shall ***immediately*** turn them over to the Conservator upon request by the Conservator, and shall provide their complete cooperation to, and expeditiously respond to inquiries and discovery requests by, the Conservator to comply with the provisions and directives of this Order.

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

7. The Conservator shall have subpoena power to obtain records or testimony as may be required to fulfill his duties the purpose of this order to preserve, protect, and maintain the Property.

8. **Jurisdiction.** The Court shall retain jurisdiction of this matter for all purposes, including but not limited to assess the costs of the Conservatorship to and amongst the parties.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 3rd day of September, 2021.

2021-014716-CA-01 09-03-2021 6:08 AM
Hon. Carlos Guzman

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
David J Winker, dwinker@dwrlc.com
David J Winker, davidjwinker@gmail.com
David J Winker, davidjwinker@gmail.com
Maurean Mass, mmas@scorpionholdings.net
Nashid Sabir, nashid@bluoceanlaw.com
Nashid Sabir, nashidlaw@gmail.com
Nashid Sabir, brian@bluoceanlaw.com
Raziel Ofer, raz.ofer2@gmail.com
Roniel Rodriguez IV, Ron@RJRfirm.com
Roniel Rodriguez IV, Ron@RJR.Company
Roniel Rodriguez IV, Ron@RJR.Partners
Russell Landy, rlandy@dvllp.com

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

CFN: 20210963140 BOOK 32922 PAGE 1912

Russell Landy, mdamian@dvllp.com
Russell Landy, phovispo@dvllp.com
Sean Rowley, SRowley@legalservicesmiami.org
Sean Rowley, crodriguez@legalservicesmiami.org
Sean Rowley, pleadings@legalservicesmiami.org
Stuart Kab, srkalb@scorpionholdings.net

**Physically Served:**

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office December 13 AD 20 21
HARVEY RUVIN, CLERK, of Circuit and County Courts.
Deputy Clerk /s/ Alexandra Barroso e26473
28553653